IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KELVIN DWIGHT LEWIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:14-cv-3107-M-BN |
| | § | |
| LSG SKY CHEFS, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

In this employment discrimination action, which has been referred to the undersigned United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from Chief Judge Barbara M. G. Lynn, Defendant Sky Chefs, Inc. d/b/a LSG Sky Chefs ("Sky Chefs") has moved for summary judgment pursuant to Federal Rule of Civil Procedure 56. *See* Dkt. Nos. 63 & 64. Plaintiff Kelvin Lewis has filed a response and a motion to add an invasion of privacy claim. *See* Dkt. Nos. 67 & 68. And Sky Chefs has filed a motion to strike and objections to Lewis's summary judgment response, a reply to Lewis's summary judgment response, and a response to Lewis's motion to add an invasion of privacy claim. *See* Dkt. Nos. 69, 70, & 71.

The undersigned issues the following findings of fact, conclusions of law, and recommendation that the Court should deny Sky Chefs's motion to strike, deny Lewis's motion to add a claim, grant Sky Chefs's motion for summary judgment, and dismiss

-1-

Lewis's claims with prejudice.

## Background

This lawsuit was filed on August 29, 2014. *See* Dkt. No. 1. After the Court dismissed with prejudice Lewis's claim that he was discriminated against with regard to the opportunity to bid on a particular shift [Dkt. No. 23], Lewis amended his complaint to include the following causes of action: (1) termination based on racial discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and Chapter 21 of the Texas Labor Code; (2) wrongful termination of his employment in violation of Sky Chefs's policies, Department of Transportation ("DOT") regulations, and the Master National Agreement (the "MNA") between Sky Chefs and the local union; and (3) defamation based on statements contained in his termination notice. *See* Dkt. Nos. 10, 15, & 46.

Lewis was employed by Sky Chefs from October 28, 2010 until April 5, 2013. On March 26, 2013, he was administered random DOT drug and alcohol tests. Lewis was terminated after receiving three breathalyzer tests that recorded blood alcohol concentration ("BAC") levels of .061, .083, and .050, respectively, and a later blood alcohol exam showing a .02 BAC.

Lewis disputes the accuracy of the breathalyzer tests, but he concedes the .02 BAC from the blood test. Nevertheless, Lewis believes that his termination was based on his race rather than the blood test result. He contends that Sky Chefs's policies, DOT regulations, and the MNA do not require termination based on a .02 BAC.

Additionally, Lewis claims that, in his proximity, Lyon Plumor[1] ("Plumor") made a racist remark to a third party minutes before Lewis was fired. The remark led Lewis to the inference that his race was a factor in his termination.

Consequently, Lewis filed a charge with the Equal Employment Opportunity Commission (the "EEOC") on September 18, 2013, alleging that he was wrongfully terminated based on his race in violation of Title VII. *See* Dkt. Nos. 1 & 10. Finally, Lewis alleges that statements in his employee performance record about the events of March 26, 2013 are defamatory because they falsely represent that he was under the influence of alcohol at work. *See* Dkt. No. 46.

Liberally construed, the complaint that Lewis has filed *pro se* in this Court alleges discrimination based on race, wrongful termination in violation of various policies governing intoxication at work, and defamation.

**Legal Standards**

Summary Judgment

Under Rule 56, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A factual "issue is material if its resolution could affect the outcome of the action." *Weeks Marine, Inc. v. Fireman's Fund Ins. Co.*, 340 F.3d 233, 235 (5th Cir. 2003). And "[a] factual dispute is 'genuine,' if the evidence is

---

[1] The pleadings differ in the spelling of this name. Sky Chefs refer to him as "Lon Plummer." While the Court will use the spelling provided in Lewis's complaint and amended complaint [Dkt. Nos. 1 & 46] for consistency with prior orders (entered before Sky Chefs's reply), the spelling of the name is not material.

such that a reasonable [trier of fact] could return a verdict for the nonmoving party." *Crowe v. Henry*, 115 F.3d 294, 296 (5th Cir. 1997).

If the moving party seeks summary judgment as to his opponent's claims or defenses, "[t]he moving party bears the initial burden of identifying those portions of the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact, but is not required to negate elements of the nonmoving party's case." *Lynch Props., Inc. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998). "Once the moving party meets this burden, the nonmoving party must set forth" – and submit evidence of – "specific facts showing a genuine issue for trial and not rest upon the allegations or denials contained in its pleadings." *Id.*; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994) (en banc). The Court is required to view all facts and draw all reasonable inferences in the light most favorable to the nonmoving party and resolve all disputed factual controversies in favor of the nonmoving party – but only if both parties have introduced evidence showing that an actual controversy exists. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005); *Lynch Props.*, 140 F.3d at 625.

"Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment," *Brown v. City of Houston,* 337 F.3d 539, 541 (5th Cir. 2003), and neither will "only a scintilla of evidence" meet the nonmovant's burden. *Little*, 37 F.3d at 1075 (internal quotation

marks omitted). Rather, the non-moving party must "set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998). If, "[a]fter the nonmovant has been given an opportunity to raise a genuine factual issue," "the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, then there is no genuine issue for trial." *DIRECTV, Inc. v. Minor*, 420 F.3d 546, 549 (5th Cir. 2005); *Steadman v. Texas Rangers*, 179 F.3d 360, 366 (5th Cir. 1999).

The Court will not assume "in the absence of any proof ... that the nonmoving party could or would prove the necessary facts" and will grant summary judgment "in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." *Little*, 37 F.3d at 1075 (emphasis omitted) (internal quotation marks omitted). "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment," and "[a] failure on the part of the nonmoving party to offer proof concerning an essential element of its case necessarily renders all other facts immaterial and mandates a finding that no genuine issue of fact exists." *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006) (internal quotation marks omitted).

The verified complaint and sworn interrogatory answers of a *pro se* litigant can be considered as summary judgment evidence to the extent such pleadings comport

with the requirements of Rule 56(e). *See King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994); *accord Hart v. Hairston*, 343 F.3d 762, 765 (5th Cir. 2003) ("On summary judgment, factual allegations set forth in a verified complaint may be treated the same as when they are contained in an affidavit.").

Discrimination

Title VII prohibits employers from discriminating against employees on the basis of race, color, religion, sex, or national origin. *See* 42 U.S.C. § 2000e-2(a). Claims under Chapter 21 of the Texas Labor Code are analyzed as Title VII claims, because "[t]he legal framework governing claims under [Chapter 21 of the Texas Labor Code] is the same as for claims brought under Title VII." *Khalfani v. Balfour Beatty Cmtys., L.L.C.*, 595 F. App'x. 363, 365 n.1 (5th Cir. 2014) (per curiam) (citations omitted).

"A Title VII plaintiff may make out a prima-facie case of discrimination using either direct or circumstantial evidence." *Etienne v. Spanish Lake Truck & Casino Plaza, L.L.C.*, 778 F.3d 473, 475 (5th Cir. 2015); *see Portis v. First Nat'l Bank*, 34 F.3d 325, 328 (5th Cir. 1994). "Direct evidence is evidence which, if believed, proves the fact [of intentional discrimination] without inference or presumption." *Brown v. E. Miss. Elec. Power Ass'n*, 989 F.2d 858, 861 (5th Cir. 1993). "In the context of Title VII, direct evidence includes any statement or written document showing a discriminatory motive on its face." *Portis*, 34 F.3d at 329.

Racial remarks may be direct evidence of discrimination if they overcome the stray remark doctrine:

> [C]omments are evidence of discrimination only if they are "1) related to the protected class of persons of which the plaintiff is a member; 2) proximate in time to the complained-of adverse employment decision; 3) made by an individual with authority over the employment decision at issue; and 4) related to the employment decision at issue."

*Jackson v. Cal-W. Packaging Corp.,* 602 F.3d 374, 380 (5th Cir. 2010); *Auguster v. Vermillion Parish Sch. Bd.,* 249 F.3d 400, 405 (5th Cir. 2001).

In the absence of direct evidence of discrimination, courts analyze Title VII claims under the framework that the United States Supreme Court set out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). *See McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007). Under that framework, a plaintiff must establish a prima facie case of discrimination before the case may proceed. *See id.* To establish a prima facie claim of discrimination, a plaintiff must show that he was (1) a member of a protected class; (2) qualified for the position; (3) suffered an adverse employment action; and, (4) was replaced by someone outside of his protected class or that others outside of his protected class and similarly situated were treated more favorably. *See id.*

As to discrimination claims, the employee's establishing a prima facie case creates a rebuttable presumption that the employer unlawfully discriminated against the employee. *See Patrick v. Ridge*, 394 F.3d 311, 315 (5th Cir. 2004) (citing *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 252, 255 (1981)). And the burden shifts to the employer to articulate a legitimate, non-discriminatory reason for the adverse employment action. *See Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 142

(2000); *Crawford v. Formosa Plastics Corp.*, 234 F.3d 899, 902 (5th Cir. 2000). The burden is one of production, not persuasion, and involves no credibility assessment. *See Reeves*, 530 U.S. at 142 (citing *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 509 (1993)). If the employer carries its burden, the inference created by the prima facie case drops out of the picture, *see Russell v. McKinney Hosp. Venture*, 235 F.3d 219, 222 (5th Cir. 2000), and the burden shifts back to the employee, who must prove that the legitimate reasons offered by the employer were not its true reasons but, rather, were a pretext for discrimination. *See Reeves*, 530 U.S. at 142. Pretext can be demonstrated by showing disparate treatment or "by showing that the employer's explanation is false or unworthy of credence." *Laxton v. Gap, Inc.*, 333 F.3d 572, 578 (5th Cir. 2003) (internal quotation marks omitted).

To avoid summary judgment, a plaintiff must show "a conflict in substantial evidence" on the question of whether the employer would not have taken the action "but for" the protected activity. *Long v. Eastfield Coll.*, 88 F.3d 300, 308 (5th Cir. 1996) (internal quotation marks omitted).

<u>Defamation</u>

A defamation claim requires "(1) the publication of a false statement of fact to a third party, (2) that was defamatory concerning the plaintiff, (3) with the requisite degree of fault, and (4) damages, in some cases." *In re Lipsky*, 460 S.W.3d 579, 593 (Tex. 2015) (citing *WFAA-TV, Inc. v. McLemore*, 978 S.W.2d 568, 571 (Tex. 1998)). The status of the person allegedly defamed dictates the requisite degree of fault. A private

individual need only prove negligence, whereas a public figure or official must prove actual malice. *See id.* "A person must bring suit for ... libel[ or] slander ... not later than one year after the day the cause of action accrues." TEX. CIV. PRAC. & REM. CODE § 16.002(a).

"Generally, there are two types of oral defamatory language: (1) that which is actionable in and of itself, without any allegations of special damage; and (2) that which is actionable only on allegations and proof of special damages." *Padilla v. Carrier Air Conditioning*, 67 F. Supp. 2d 650, 663 (E.D. Tex. 1999). "Even though language may tend to expose one to ridicule, hatred, or contempt, it is not actionable in and of itself unless it imputes to another the commission of a crime, has an injurious effect on one's office or business, or unless it falsely or maliciously imputes unchastity to a female." *Id.*; *see also Plumley v. Landmark Chevrolet, Inc.*, 122 F.3d 308, 310 (5th Cir. 1997) ("Because all words are not actionable, a plaintiff must prove either special damages (slander *per quod*) or that the words impute the commission of a crime, injure the plaintiff officially, professionally, or occupationally, or impute unchastity to a woman (slander *per se*).").

Expressions of opinion may be derogatory and disparaging; nevertheless, they are protected by the First Amendment of the United States Constitution and Article I, Section 8 of the Texas Constitution. *See Getz v. Robert Welch, Inc.*, 418 U.S. 323, 339-40 (1974); *Carr v. Brasher*, 776 S.W.2d 567, 570 (Tex. 1989). The question whether a statement is an assertion of fact or opinion is a question of law. *See Carr*, 776 S.W.2d

at 570; *see also Ollman v. Evans*, 750 F.2d 970, 975 (D.C. Cir. 1984) (explaining that the Supreme Court's "implicit command" in *Gertz* "imposes upon both state and federal courts the duty as a matter of constitutional adjudication to distinguish facts from opinions in order to provide opinions with the requisite, absolute First Amendment protection").

"Statements must be construed as a whole, in light of surrounding circumstances based upon how a person of ordinary intelligence would perceive the entire statement." *Carr*, 776 S.W.2d at 570. To evaluate the totality of the circumstances of an allegedly defamatory statement, the Court may consider four factors in assessing whether the average hearer would view the statement as fact or opinion. Those factors are: (1) the common usage or meaning of the specific language of the challenged statement itself; (2) the statement's verifiability; (3) the full context of the statement; and (4) the broader context or setting in which the statement appears. *See Ollman*, 750 F.2d at 979; *see also Carr*, 776 S.W.2d at 570 (referencing the four-factor test in *Ollman*).

### Analysis

Sky Chefs's Motion to Strike

After Lewis responded to the summary judgment motion, *see* Dkt. No. 67, Sky Chefs moved to strike and objected to that response based on an alleged series of conclusory statements and for introducing unauthenticated documents into evidence, *see* Dkt. No. 69. The Court need not strike the evidence asserted in the response, as the undersigned will address what consideration, if any, and weight, if any, the Court

should afford the challenged evidence. Therefore, the Court should deny the motion to strike/objections as submitted but treat it as an objection accounted for in these findings, conclusions, and recommendation.

Lewis's Motion to Amend his Complaint

In addition to Lewis's response to Sky Chefs's motion for summary judgment, Lewis filed a motion to add a claim for invasion of privacy. *See* Dkt. No. 68. But "it is well established in the Fifth Circuit that 'a claim that is not raised in the complaint, but, rather, is raised only in response to a motion for summary judgment is not properly before the Court.'" *Narvaez v. Wilshire Credit Corp.*, 757 F. Supp. 2d 621, 626 (N.D. Tex. 2010) (citing *Cutrera v. Bd. of Supervisors*, 429 F.3d 108, 113 (5th Cir. 2005)). Accordingly, Lewis's motion to amend his complaint to add a new claim is "not properly before the Court and cannot create a genuine issue of material fact precluding summary judgment" and should be denied. *Id.* at 627.

Sky Chefs's Motion for Summary Judgment

The basis for Lewis's wrongful termination claim is twofold.

First, Lewis asserts that Sky Chefs's policies, DOT regulations, and the MNA do not require termination for a .02 BAC.

But Texas is an at-will employment state, and at-will employees "may be fired for a good reason, bad reason, or no reason at all." *Safeshred, Inc. v. Martinez*, 365 S.W.3d 655, 660 (Tex. 2012). Thus, a company can terminate at-will employees whether they violate company policies or not, so long as it does not engage in illegal

discrimination or retaliation or require an employee to perform an illegal act. *See Sabine Pilot Serv., Inc. v. Hauck*, 687 S.W.2d 733, 735 (Tex. 1985). Lewis's claim in his amended complaint that his termination was not based on a "legitimate business reason" therefore has no basis in law. *See* Dkt. No. 46.

Second, Lewis asserts race discrimination as motivating his termination. As direct evidence for discrimination, he alleges that he heard Plumor say "another fired nigger" shortly before Plumor and another individual informed Lewis about his termination. Dkt. No. 65, Ex. B, at 93:15-94:25 & 95:13-16.

The alleged comment, if true, satisfies only the first two elements of the stray remark doctrine. That is, the comment was "(1) related to the protected class of persons of which the plaintiff is a member" and "(2) proximate in time to the complained-of adverse employment decision." *Jackson*, 602 F.3d at 380.

But Lewis has not successfully come forward with evidence that Plumor had authority over the employment decision at issue. Similarly, Lewis's account of the alleged comment is devoid of any context, and, as such, he has not submitted evidence that would demonstrate that the comment was related to his termination "without inference or presumption." *Etienne*, 778 F.3d at 476 (quoting *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 993 (5th Cir. 2005); internal quotations omitted). Therefore, Lewis's evidence of the alleged comment has not overcome the stray remark doctrine, and Lewis has not come forward any direct evidence of discrimination.

Lewis also fails to present circumstantial evidence of discrimination, where he

cannot establish a prima facie case. Accepting Lewis's termination as the sole adverse employment action, and that he is a member of a protected class (for purposes of a race discrimination claim), Lewis has failed to raise a genuine dispute of material fact as to the final element of a prima facie case of discrimination – that he was "treated less favorably than a similarly situated employee outside of his protected class or that he was terminated because he is African-American." *Noble v. Lear Siegler Svcs., Inc.*, 554 F. App'x 275, 276 (5th Cir. 2014) (per curiam) (rejecting an African-American plaintiff's claim that he established this prima facie element by asserting that "five Caucasian men in his unit kept their jobs" as plaintiff failed to "show that these comparators were under 'nearly identical circumstances'" by presenting "evidence regarding the comparators' job descriptions, qualifications, experience, work and disciplinary history, or other information that would indicate that they were similarly situated" (quoting *Okoye v. Univ. of Tex. Houston Health Sci. Ctr.,* 245 F.3d 507, 514 (5th Cir. 2001))).

Here, Lewis has asserted that a Sky Chefs employee named Jeff Shaw was treated more favorably than Lewis because Shaw was not terminated after damaging an airplane while driving a truck. Dkt. No. 67. Although Shaw is outside of Lewis's protected class, he is not a suitable comparator because Shaw's conduct was not "nearly identical" to Lewis's. *Lee v. Kansas City S. Ry. Co.*, 574 F.3d 253, 260 (5th Cir. 2009) ("[C]ritically, the plaintiff's conduct that drew the adverse employment decision must have been 'nearly identical' to that of the proffered comparator who allegedly drew dissimilar employment decisions"). According to Lewis's response to the summary judgment motion, Shaw apparently damaged an American Airlines plane with a truck,

whereas Lewis failed a random DOT alcohol test. Because Lewis has not identified a comparator who engaged in nearly identical conduct, he fails to establish the fourth element of a prima facie case and, consequently, he has offered no circumstantial evidence of discrimination.

Turning next to Lewis's defamation claim, any such claim is time-barred by the statute of limitations because the claim was filed on August 29, 2014, which is more than one year after March 2013. *See* Dkt. No. 1. For that reason, the claim fails as a matter of law. *See, e.g., Hill v. Jacobs Eng'g Grp., Inc.*, Civ. A. No. H-10-1506, 2011 WL 2565331, at *4 (S.D. Tex. June 27, 2011) ("As a matter of law, the court should dismiss a defamation claim filed more than a year after the defamatory comments were made." (citing TEX. CIV. PRAC. & REM. CODE § 16.002(a) ("A person must bring suit for malicious prosecution, libel, slander, or breach of promise of marriage no later than one year after the day the cause of action accrues."))); *Grogan v. Sav. of Am., Inc.*, 118 F. Supp. 2d 741, 756 (S.D. Tex. 1999) (granting summary judgment because, under Texas law, "a one-year statute of limitations applies to defamation claims, with the claim accruing when the words are spoken and the injury occurs").

To the extent that equitable tolling might apply, Lewis has failed to respond to the summary judgment motion with regard to the defamation claim and has failed to present any evidence to support any finding of equitable tolling.

Because Texas is an at-will employment state, Lewis has failed to establish a prima facie case of racial discrimination, and Lewis's defamation claim is time-barred. Accordingly, the Court should grant Sky Chefs's motion for summary judgment.

## Recommendation

The Court should deny Sky Chefs's motion to strike [Dkt. No. 69], deny Plaintiff's motion to add a claim [Dkt. No. 68], grant Sky Chefs's motion for summary judgment [Dkt. No. 63], and dismiss Lewis's claims with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 26, 2016

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE